IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DHC REALTY, LLC, | § | Case No. 11-30977-HCM |
| | § | Chapter 11 |
| Debtor. | § | |

## MOTION FOR RELIEF FROM AUTOMATIC STAY
## AGAINST PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. SECTION 362(d)
## (WITH WAIVER OF THIRTY DAY HEARING REQUIREMENT)

TO THE HONORABLE H. CHRISTOPHER MOTT, U.S. BANKRUPTCY JUDGE:

Comes now, GOVERNMENT EMPLOYEES CREDIT UNION ("GECU"), a secured creditor herein, by and through its attorneys of record, and files its Motion For Relief From Automatic Stay Against Property of the Estate Pursuant to 11 U.S.C. Section 362(d) (With Waiver of Thirty-Day Hearing Requirement) (the "Motion for Relief"), and would respectfully show the Court as follows:

> **THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS.**
>
> **IF NO TIMELY RESPONSE IS FILED WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD.**
>
> **A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BE HELD.**

### Factual & Procedural Background

1. This Motion is brought pursuant to Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure to obtain relief from the automatic stay provision of 11 U.S.C. Section 362(a) pursuant to 11 U.S.C. Section 362(d).

2. This Court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§1334 and 157, and 11 U.S.C. §§361-363.

{1793.444/HDAV/06258177.2}

3. The Debtor initiated this proceeding by filing its Petition for Relief under Chapter 11 of the United States Bankruptcy Code on May 23, 2011, in the United States Bankruptcy Court for the Western District of Texas, El Paso Division.

4. GECU is a secured creditor and party-in-interest in this proceeding.

5. Specifically, GECU is the owner and holder of the following instruments:

a) A Promissory Note ( "**Note 1**") dated June 25, 2008 in the original principal amount of $1,300,000.00, executed by DHC Realty, LP (the "**Maker**") payable to the order of GECU (the "**Payee**") secured by a Deed of Trust, Security Agreement and Financing Statement dated June 25, 2008;

b) A Promissory Note ("**Note 2**") dated June 25, 2008 in the original principal amount of $1,648,037.00, executed by DHC Realty, LP (the "**Maker**") payable to the order of GECU (the "**Payee**") secured by a Deed of Trust, Security Agreement and Financing Statement dated June 25, 2008;

c) A Promissory Note ("**Note 3**") dated June 25, 2008 in the original principal amount of $1,402,635.00, executed by DHC Realty, LP (the "**Maker**") payable to the order of GECU (the "**Payee**") secured by a Deed of Trust, Security Agreement and Financing Statement dated June 25, 2008;

d) A Promissory Note ("**Note 4**") dated June 25, 2008 in the original principal amount of $170,572.00, executed by DHC Realty, LP (the "**Maker**") payable to the order of GECU (the "**Payee**") secured by a Commercial Security Agreement dated June 25, 2008, granting a security interest in all inventory, equipment and general intangibles located at 7942 Gateway East, 5030 N. Desert Blvd. and 1887 N. Zaragosa, El Paso, Texas;

e) A Promissory Note ("**Note 5**") dated June 25, 2008 in the original principal amount of $207,520.00, executed by DHC Realty, LP (the "**Maker**") payable to the order of GECU (the "**Payee**") secured by a Commercial Security Agreement dated June 25, 2008, granting a security interest in all inventory, equipment and general intangibles located at 7942 Gateway East, 5030 N. Desert Blvd. and 1887 N. Zaragosa, El Paso, Texas;

f) A Promissory Note ("**Note 6**") dated June 25, 2008 in the original principal amount of $138,402.00, executed by DHC Realty, LP (the "**Maker**") payable to the order of GECU (the "**Payee**") secured by a Commercial Security Agreement dated June 25, 2008, granting a security interest in all inventory, equipment and general intangibles located at 7942 Gateway East, 5030 N. Desert Blvd. and 1887 N. Zaragosa, El Paso, Texas;

all of which are collectively referred herein as the "**Loan Documents**".

{1793.444/HDAV/06258177.2}

The Loan documents grant GECU a security interest in all of the Debtor's inventory, equipment and general intangibles as well as the real property and improvements described as:

a) A portion of Lot 25, Block 3, SAGELAND ADDITION REPLAT, an Addition to the City of El Paso, El Paso County, Texas, according to the plat thereof in Volume 26, Page 18, Plat Records of El Paso County, Texas, commonly known as 7942 Gateway East, El Paso, Texas 79915;

b) Parcel 1: A portion of Lot 1, Block 115, VISTA HILLS UNIT 38, an Addition to the City of El Paso, El Paso County, Texas, according to the plat thereof in Volume 68, Page 32, Plat Records of El Paso County, Texas (0.8394 acre parcel)

Parcel 2: A portion of Lot 1, Block 115, VISTA HILLS UNIT 38, an Addition to the City of El Paso, El Paso County, Texas, according to the plat thereof in Volume 68, Page 32, Plat Records of El Paso County, Texas (0.0567 acre parcel), commonly known as 1887 N. Zaragosa, El Paso, Texas 79936;

c) A portion of Lot 1, Block 1, SUNNY SANDS REPLAT "B", an Addition to the City of El Paso, El Paso County, Texas, according to the plat thereof in Volume 70, Page 7, Plat Records of El Paso County, Texas, commonly known as 5030 N. Desert Blvd., El Paso, Texas 79912;

All collectively referred to as the "**Property**".[1]

6. The balance of the Notes of the unpaid principal as of the date of filing this Motion for Relief is as follows:

|        | **Principal Due** | **Total Due** |
|--------|-------------------|---------------|
| Note 1 | $1,194,473.96     | $1,241,617.99 |
| Note 2 | $1,519,641.43     | $1,574,064.92 |
| Note 3 | $1,293,347.57     | $1,339,667.45 |
| Note 4 | $ 109,508.30      | $ 115,041.13  |
| Note 5 | $ 133,232.67      | $ 139,689.63  |
| Note 6 | $ 88,854.61       | $ 93,160.87   |
| ***TOTAL*** |              | $4,503,241.99 |

---

[1] True and correct copies of these documents are available from Movant's counsel upon request.

{1793.444/HDAV/06258177.2}

7. The last payment received on the Notes was on July 29, 2011. Late charges and interest continue to accrue postpetition at 6.5% per annum.

8. The Debtor leases the above-referenced Property to non-Debtor subsidiaries for the operation of Fuddrucker's® franchises. According to the Debtor's Monthly Operating Reports on file with the Court, the subsidiaries have not paid the Debtor their monthly lease payments for any of the three Fuddrucker's® locations for several months. As such, the Debtor has reported zero income.

9. The nature of GECU's collateral dictates that it is declining in value each month and that GECU is not adequately protected. The lessors of the Fuddrucker's® locations are not making their lease payments to the Debtor and are in default and no apparent effort is being made to collect on the past due rent to make the monthly Note payments to GECU pursuant to its Notes. Also, at the time of the filing of this Chapter 11, the Debtor reflected it owed $266,088.03 in real and personal property taxes. It has made absolutely no arrangements to reserve for current accruing taxes, diminishing Movant's collateral. As such, GECU's collateral is not adequately protected.

## II. Relief Requested

10. As shown above, GECU would show under 11 U.S.C. §362(d)(1) that cause exists to lift the automatic stay against the Debtor to obtain possession of the Property and foreclose its security interest in its collateral. The Debtor has stopped making the regular payments on the Notes, GECU is not adequately protected, all resulting in continuing and increasing loss and harm to it. Further, the Debtor has not proposed a confirmable plan of reorganization.

11. GECU would further show under 11 U.S.C. §362(d)(2) that cause exists to lift the automatic stay against the Debtor to obtain possession of the Property and foreclose its security interest. GECU would show that the debt against the Property is greater than the value of the

Property and therefore the Debtor does not have any equity in the Property. If GECU is not permitted to foreclose its security interest in the Property, it will suffer irreparable injury, loss and damage.

12. Further, under the terms of the loan documents, GECU is entitled to recover its post-petition attorney's fees and costs from the Debtor in the amount of at least $1,500.00 for having to prosecute this Motion for Relief.

13. After the Property has been foreclosed upon, GECU requests that it be allowed a claim against the Debtor in the amount of any deficiency, as well as any other claims it holds against the Debtor.

14. GECU is unaware of any other secured claims against the Property.

15. GECU waives the requirement that a final hearing be held within thirty days of the date of this Motion for Relief.

WHEREFORE, PREMISES CONSIDERED, GECU requests that upon final hearing of this Motion for Relief, the Court enter an Order which provides for:

    a)    Lifting the automatic stay against Debtor to allow GECU to obtain possession of its Property, and allowing GECU to foreclose its security interest in the repossessed Property and apply the sale proceeds to its secured claims;

    b)    Maintaining this contested proceeding on file until the foreclosure of the Property has been completed, the sale proceeds have been applied to the claim, and the deficiency and reasonable attorney's fees have been determined;

    c)    Allowing GECU to take action against the Debtor to collect the deficiency, as well as any other claims held by GECU against Debtor; and

    d)    Providing GECU such further relief to which it may be justly entitled.

**DATED** this _11_ day of November, 2011.

{1793.444/HDAV/06258177.2}

Respectfully submitted,

**GORDON DAVIS JOHNSON & SHANE P.C.**
4695 N. Mesa Street
El Paso, Texas 79912
(915) 545-1133
(915) 545-4433 (Fax)

By: _____
Harrel L. Davis III
State Bar No. 05567560
Attorneys for GECU

## CERTIFICATE OF SERVICE

I certify that on the 11th day of November, 2011, a true and correct copy of the above and foregoing was served upon the following parties via electronic means as listed on the court's ECF noticing system or by regular first class mail:

_____
Harrel L. Davis

{1793.444/HDAV/06258177.2}

Abraham Chowaiki
1037 Singing Hills
El Paso, TX 79912

Basic Sports Apparel, Inc.
301 Williams
El Paso, TX 79901

Chowaiki Holdings, LLC
301 Williams
El Paso, TX 79901

City of El Paso
c/o David G. Aelvoet
711 Navarro, Suite 300
San Antonio, TX 78205

City of El Paso
P.O. Box 2992
El Paso, TX 79999-2992

Comptroller Public Account
P.O. Box 149348
Austin, TX 78714-9348

Corey W. Haugland
P.O. Box 1770
El Paso, TX 79949-1770

DHC Realty, LLC
301 Williams
El Paso, TX 79901

David & Hilel Chowaiki
301 Williams
El Paso, Texas 79901

David Chowaiki
301 Williams
El Paso, TX 79901

El Paso Central Appraisal District
5801 Trowbridge
El Paso, TX 79925

El Paso DHC Ent. Far East
301 Williams
El Paso, TX 79901

El Paso DHC Ent. West
301 Williams
El Paso, TX 79901

El Paso DHC Ent., LLC
301 Williams
El Paso, TX 79901

El Paso DHC Enterprises
301 Williams
El Paso, TX 79901

El Paso DHC Enterprises, LLC
301 Williams
El Paso, TX 79901

GECU
1225 Airway Blvd.
El Paso, TX 79925

GECU
P.O. Box 20998
El Paso, TX 79998

Hilel Chowaiki
301 Williams
El Paso, TX 79901

Internal Revenue Service
P. O. Box 7346
Philadelphia, PA 19101-7346

Internal Revenue Service
P. O. Box 21126
Philadelphia, PA 19114

K Simon Construction of Texas
c/o Robert M. Lovein
109 River Oaks Drive, Ste 100
Southlake, TX 76092

Nadia Nahmed
1037 Singing Hills
El Paso, TX 79912

Spira Sportswear, LLC
301 Williams
El Paso, TX 79901

Texas Workforce Commission
TEC Building - Bankruptcy
101 East 15th Street
Austin, TX 78778

United States Attorney
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216

United States Attorney General
Department of Justice
950 Pennsylvania Ave. N.W.
Washington, D.C. 20530

United States Trustee
P.O. Box 1539
San Antonio, TX 78295